**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT J. FUNK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WASHINGTON MUTUAL BANK, F.A. et al., )<br>)<br>Defendants. )<br>_____ ) | 3:10-cv-00182-RCJ-VPC<br><br>**ORDER** |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing thirteen causes of action. The case is part of Case No. 2:09-md-02119-JAT in the District of Arizona, and Judge Teilborg has remanded those parts of the first, third, fourth, and tenth though twelfth claims that do not involve MERS. The wrongful foreclosure claim remains with Judge Teilborg. Two motions to dismiss (ECF Nos. 29, 30) are pending before the Court. For the reasons given herein, the Court grants the motions.

**I.     THE PROPERTY**

Robert J. and Aida Y. Funk gave lender First National Bank of Nevada ("First National") a $335,500 promissory note to purchase property at 12615 Thomas Creek Rd., Reno, NV 89511 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Apr. 23, 2003, ECF No. 30-2, at 2). The trustee was Stewart Title Co. ("Stewart"). (*See id.* 2). The Funks refinanced the Property for $370,000 with lender Washington Mutual Bank, FA ("WaMu") and trustee California

1 Reconveyance Co. ("CRC"). (*See* First REFI DOT 1, Jan. 29, 2004, ECF No. 30-3, at 2).  After

2 receiving a quitclaim from Aida Funk, Robert Funk alone refinanced the Property a second time

3 for $776,400 with lender American Brokers Conduit and trustee First American Title Insurance

4 ("First American"). (*See* Second REFI DOT 1–2, Mar. 29, 2006, ECF No. 30-7, at 3).  Robert

5 Funk refinanced the Property a third time for $795,200 with First Magnus Financial Corp. ("First

6 Magnus") and trustee Capital Title Co. of Nevada ("Capital Title"). (*See* Third REFI DOT 1–2,

7 Apr. 16, 2007, ECF No. 30-11, at 3).  At the time of the third refinance, Robert Funk gave First

8 Magnus a second, subordinate deed of trust for $51,500, also with trustee Capital Title. (*See*

9 Third REFI Second DOT 1–2, Apr. 16, 2007, ECF No. 30-12, at 3).  The parties have not

10 adduced the documents concerning default and foreclosure, but the wrongful foreclosure claim

11 remains with Judge Teilborg, in any case.

12 **II.    ANALYSIS**

13 The remanded claims are: (1) Unfair Lending Practices Under Nevada Revised Statutes

14 ("NRS") section 598D.100; (3) Injunctive Relief; (4) Declaratory Relief (violation of section

15 598D.100(3)); (10) Civil Conspiracy; (11) Racketeering Under NRS section 207.470; and (12)

16 Unjust Enrichment.

17 First, Plaintiff obtained the loans between Jan. 29, 2004 and Apr. 16, 2007.  The statute

18 of limitations under section 598D.100 is three years, *see* Nev. Rev. Stat. § 11.190(3)(a), and the

19 present case was brought on March 8, 2010.  Therefore, the claim is not time-barred as to the

20 mortgages presently in effect, dated April 16, 2007.  Section 598D.100 was amended in 2007,

21 with an effective date of June 13, 2007. *See* 2007 Nev. Stat. 2844–46.  Therefore, the prior

22 version of the statute applies to the present case.  The prior version of the statute did not apply to

23 mortgages that qualified as residential mortgage transactions under HOEPA, where a security

24 interest is retained against the property to finance its acquisition or construction. *See* Nev. Rev.

25 Stat, § 598D.040 (2005); 15 U.S.C. § 1602(aa)(1), (w).  The present mortgages, however, were

not purchase money mortgages, but refinances, so the statute applies. The statute made it actionable if a lender made "a home loan to a borrower based solely upon the equity of the borrower in the home property and without determining that the borrower has the ability to repay the home loan from other assets . . . ." Nev. Rev. Stat. § 598D.100 (2006). Plaintiffs must "alleg[e] specific facts showing how Defendants failed to adhere to this statutory requirement . . . ." *Urbina v. Homeview Lending, Inc.*, 681 F. Supp. 1254, 1259–60 (D. Nev. 2009) (Hunt, C.J.) (dismissing a claim under the post- 2007 version of the statute). Plaintiff has not alleged facts indicating a violation of the statute. Plaintiff alleges that the loan was based on "stated income" with no verification of that income. (*See* Compl. ¶ 52, Mar, 8, 2010, ECF No. 1-2). Plaintiff fails to allege whether he in fact incorrectly stated his income on the loan application documents, which might constitute mortgage fraud, and which certainly would obviate the present claim. Moreover, the statute does not require any particular verification method, but only a determination of the ability of the borrower to repay from assets other than an estimated future increase in equity. Plaintiff appears to admit that the lender gave him the loan based on the income he reported to the lender. This is sufficient under the statute. "The lender should have known I was lying about my income" is not a particularly convincing argument, at least not under the pre–2007 version of the statute. A lender has the right to presume the borrower is not lying on his application. The lender bears the risk in this regard, because the lender will realize the loss upon foreclosure. Such a practice may indeed be reckless, but it is reckless on the part of both the lender and the borrower, and the lender may bear this risk if it wishes to. Under the post-2007 version of the statute, which requires a "commercially reasonable means" of determining the ability to repay, an argument could be made that a lender who does not verify stated income beyond the signature of the borrower has not fulfilled its duties under the statute, but the pre-2007 version of the statute applies in this case. The Court will dismiss this claim and the claim for declaratory relief for the same reason.

1 Second, the civil conspiracy claim fails because Plaintiff does not allege any agreement
2 to engage in unlawful activity.  He simply concludes that a conspiracy existed between the banks
3 that gave Plaintiff the various loans and others because these agencies were all in some way
4 involved with foreclosures generally.  The Court will dismiss this claim.

5 Third, under Nevada's RICO statute, a private party can bring a civil action for treble
6 damages, attorney's fees, and costs for injures sustained by a violation of NRS section 207.400.
7 *See* Nev. Rev. Stat. § 207.470.  Plaintiff alleges Defendants engaged in racketeering.  Plaintiff,
8 however, nowhere identifies which unlawful act under section 207.400 he believes Defendants to
9 have committed.  Plaintiff simply quotes the definition of "racketeering" under section 207.390
10 and allege that Defendants engaged in racketeering through predatory lending practices.
11 Plaintiff has not identified two predicate offenses required to constitute "racketeering."  *See*
12 § 207.390.  Such crimes include murder, manslaughter, mayhem, certain batteries, kidnapping,
13 sexual assault, arson, robbery, extortion, seduction, forgery, burglary, grand larceny, bribery,
14 assault with a deadly weapon, certain frauds, etc.  *See* § 207.360.  Insofar as the predicate acts are
15 intended to be frauds based on the MERS system, the claim remains with Judge Teilborg.  The
16 Court will dismiss this claim.

17 Fourth, the unjust enrichment claim will be dismissed because it is undisputed that the
18 relationship between the parties is governed by an express, written contract.  *LeasePartners*
19 *Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).

20 Finally, the claim for injunctive relief will be dismissed insofar as it relies on any of the
21 remanded claims.

22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 29, 30) are GRANTED. Because the claims remain with Judge Teilborg, the Court makes no ruling on the wrongful foreclosure claim or the injunctive and declaratory relief claims insofar as those claims relate to the wrongful foreclosure claim. *See* Nev. Rev. Stat. § 107.080 (procedurally improper foreclosure); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2 610, 623 (Nev. 1983) (foreclosure absent default).

IT IS SO ORDERED.

Dated this 8th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge